Mabshall E. Livingston, J.
This is an article 78 proceeding to review a determination of the State Liquor Authority made May 15, 1968, disapproving the application of the petitioner to move her liquor store from 9 Main Street in Scottsville, Monroe County, New York, to the Scottsville Shopping Plaza outside that village.
The Monroe County Liquor Authority investigated the application and forwarded its recommendation of approval to the State Liquor Authority. Subsequently, the State Liquor Authority received the reports, considered the factors and information relating to the matter and determined that the application be disapproved.
A pertinent paragraph in the memorandum of the State Liquor Authority disapproving the application states: “In view of the interests of the aforementioned Wegman’s Enterprises, Inc., in the aforesaid four presently licensed package stores and in the licensee’s proposed package store, it is the finding of the Authority that the approval of this application would not be conducive to the proper regulation and control of the traffic in alcoholic beverages, that the aforesaid multiple interests of the landlord would contravene the provisions, intent and purpose of the Alcoholic Beverage Control Law, promote chain package store interests, and adversely affect the concept of liquor control.”
Wegman’s Enterprises, Inc. (Wegman’s) is the landlord of the Scottsville Plaza to which petitioner seeks to remove her package store. Wegman’s is also the landlord of four licensed package stores located in Brockport, Webster and Rochester, Monroe County, New York, and in Newark, Wayne County, New York.
The store in Rochester pays on a straight rental basis, while the other three pay either an annual rent plus a percentage of gross sales over a certain amount or varied percentages of gross sales, according to a schedule.
The proposed lease of the petitioner here and Wegman’s calls for a flat annual rent over a 10-year period of from $1,875 at the beginning of the term to $3,000 at the end thereof.
The State Liquor Authority based its determination on its interpretation of subdivision 16 of section 105 of the Alcoholic Beverage Control Law, which it claims is authority for the proposition that Wegman’s, as the lessor of four package stores, may not lease premises to a fifth because: “ It has been the experience of .the Authority that the landlord of a package store premises may acquire a substantial financial interest in a package store by virtue of the lease such as would constitute *478 a prohibited interest therein. The Alcoholic Beverage Control Law specifically spells out the concept of disassociation of package stores by providing that no package store licensee shall be interested, directly or indirectly, in any other package store by stock ownership, interlocking directors, mortgage or lien on any personal or real property, or by any other means; further, that no more than one package store license shall be granted to any person; further, that a package store licensee is prohibited from making a loan to another package store licensee. ’ ’
I do not so interpret subdivision 16 of section 105 of the Alcoholic Beverage Control Law. The pertinent part of the section in this case says in substance that no retail licensee to sell liquor for oif-premises consumption shall be interested directly or indirectly in any other premises where liquor is similarly sold at retail.
Here the proposed rent to be paid by petitioner is a flat fixed rental, and Wegman’s sole interest in this or any other store property it rents in the plaza is to collect its rent. It does not have a proprietary interest in the business of its lessees.
This type of situation has received the attention of the courts previously, and judgments have been rendered in favor of the petitioners (see Matter of Fraser v. Hostetter, 47 Misc 2d 534; Matter of Jonas v. New York State Liq. Auth., 29 A D 2d 529).
Respondent in its memorandum of law refers to an unreported decision in Albany County by Mr. Justice Foster on April 22, 1966, in Matter of Mack Drug Co. of Central Plaza v. Hostetter. There the stock of the petitioner, a domestic corporation, was wholly owned by Mack Drug Co., Inc., a New Jersey corporation. The license was denied on three grounds, only two of which are pertinent to the case at bar: “ (1) that the percentage basis lease of the premises where petitioner proposes to operate constitutes an interest by the landlord in the proposed package store and hence the petitioner is not the sole party in interest * * * and (3) that Mack Drug Co., Inc., the parent corporation, has held a liquor license in New Jersey and its license there was suspended on three separate occasions for violations involving the sale of alcoholic beverages below the minimum consumer retail price.”
In this case the objection because of a percentage-type lease is not under consideration. The third ground shows clearly that the New Jersey corporation which owned all of the petitioner’s stock was the real party in interest. It held a liquor license in New Jersey, thus the prohibition of more than one license is a substantial reason for denying the application. I *479 do not consider the situation which faced Mr. Justice Foster to be anything like the instant case.
In annulling the determination of the State Liquor Authority, I do not do so on the ground that its refusal was arbitrary, capricious or unreasonable. Wegman’s is not a ‘ ‘ retail licensee ” within the meaning of section 105 of the Alcoholic Beverage Control Law. The fact that Wegman’s has a retail beer license is likewise immaterial to this application.
Let judgment enter, pursuant to CPLB, 7806, annulling the determination of the State Liquor Authority in the matter of petitioner’s application, and directing said Authority to grant petitioner’s application for removal.